UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



Federal Building and United States Post Office                    Telephone: (605) 945-4490
225 South Pierre Street, Room 211                                 Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

February 18, 2009

Jason R. Ravnsborg, Esq.
Attorney for Debtors
Post Office Box 18
Yankton, South Dakota  57078

Timothy R. Whalen, Esq.
Attorney for Waste Connections
 of South Dakota, Inc.
Post Office Box 127
Lake Andes, South Dakota  57356

Stephen D. Mossman, Esq.
Attorney for Waste Connections
 of South Dakota, Inc.
134 South 13th Street, Suite 1200
Lincoln, Nebraska  68508

        Subject:    *In re Todd Maurice Van Zee and Traci Lynne Van Zee*
                          Chapter 7, Bankr. No. 08-40573

Dear Counsel:

       The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors Todd Maurice Van Zee and Traci Lynne Van Zee.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Debtors' motion will be granted.[1]

       **Summary.**  Waste Connections of South Dakota, Inc. ("Waste Connections") obtained a judgment against Todd Maurice Van Zee in state court for $49,645.00 plus costs of $11,699.04.  Todd Maurice Van Zee and Traci Lynne Van Zee ("Debtors") subsequently filed for relief under chapter 7 of the bankruptcy code and listed Waste Connections as an unsecured creditor on their schedule of liabilities (doc. 1).

       The bankruptcy clerk served a notice of commencement of the case (doc. 7) on Debtors' creditors, including Waste Connections.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to Debtors' discharge or to determine the dischargeability of a particular debt was December 9, 2008. Neither Waste Connections nor any of Debtors' other creditors filed a complaint

---

       [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re: *Van Zee*
February 18, 2009
Page 2

objecting to Debtors' discharge or to determine the dischargeability of a particular debt. Debtors were therefore granted a discharge under § 727 of the bankruptcy code (doc. 32).

Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy (doc. 47). Waste Connections' judgment was listed in Debtors' motion. Waste Connections filed an objection (doc. 50) to Debtors' motion, in which it stated Debtors owned nonexempt real property to which its judgment had attached.[2]

**Discussion**. Section 524(a)(1) of the bankruptcy code provides:

(a) A discharge in a case under this title –

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability* of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(1) (emphasis added). In essence, § 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge automatically voids any judgment that represents a determination of the debtor's *in personam* liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which the judgment was docketed. When a debtor receives a bankruptcy discharge, he may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court must enter the order in the judgment docket. This has the effect of discharging the debtor's *in personam* liability on the listed judgments from and after that date.

In this case, Waste Connections received notice of Debtors' bankruptcy. It did not timely object to Debtors' discharge or to the dischargeability of its particular claim. Its personal claim against Todd Maurice Van Zee was therefore discharged on December 9, 2008, and Waste Connections' judgment was automatically voided to that extent on that same date. Accordingly, Debtors are entitled to the relief

---

[2] Waste Connections also stated it has "actively argued" its lien was not a preferential transfer within the meaning of 11 U.S.C. § 547(b). This is somewhat puzzling, inasmuch as the chapter 7 trustee has not yet filed a complaint to avoid a preferential transfer in this case.

Re: *Van Zee*
February 18, 2009
Page 3

requested in their motion.[3]

    Despite Waste Connections' concerns, nothing in § 524(a)(1) or S.D.C.L. § 15-16-20 discharges a valid *in rem* claim.  If Waste Connections had a valid judgment lien on Debtors' nonexempt real property on the petition date, and if that judgement lien has not been avoided by some specific order of this Court or satisfied voluntarily by Waste Connections or through payment, Waste Connections still holds that judgment lien.

    The Court will enter an appropriate order.

                               Sincerely,

                               Charles L. Nail, Jr.
                               Bankruptcy Judge

CLN:sh

cc:  case file (docket original; serve parties in interest)

| On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.<br><br>Frederick M. Entwistle<br>Clerk, U.S. Bankruptcy Court<br>District of South Dakota | NOTICE OF ENTRY<br>Under Fed.R.Bankr.P. 9022(a)<br><br>This order/judgment was entered on the date shown above.<br><br>Frederick M. Entwistle<br>Clerk, U.S. Bankruptcy Court<br>District of South Dakota |
|---|---|

---

    [3] That relief does not include a determination of the validity of Waste Connections' judgment lien (or the validity of any other judgment holder's lien) or a determination of whether Waste Connections' judgment lien was a preferential transfer within the meaning of 11 U.S.C. § 547(b).  Neither of those issues is before the Court.

Todd Maurice Van Zee
PO Box 864
Platte, SD 57369

Traci Lynne Van Zee
PO Box 864
Platte, SD 57369

Waste Connections of South Dakota
PO Box 190
O'Neill, NE 68793-0190

Arrow Financial Services, LLC
5996 W. Touhy Avenue
Niles, IL 60714

Rausch, Sturm, Israel & Hornik
300 N. Dakota Ave., Ste 511
Sioux Falls, SD 57104

Credit Collections Bureau
PO Box 9490
Rapid City, SD 57709-9490

Stephen D. Mossman
Mattson Ricketts Davies Stewart &Calkins
134 South 13th Street, Suite 1200
Lincoln, NE 68508-1901